```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA,                :      23cr117 (DLC)
                                         :
                -v-                      :      OPINION AND ORDER
                                         :
LAURA PERRYMAN,                          :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the United States of America:
Jacob M. Bergman
Monica P. Folch
United States Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

Louis A. Pellegrino
United States Attorney's Office, SDNY
1 St. Andrews Plaza
New York, NY 10007

Steven J. Kochevar
DOJ-USAO
300 Quarropas Street
White Plains, NY 10007

For the defendant Laura Perryman:
Derek A. Cohen
Jennifer C. Berger
Johnson L. Lin
Sean T. Haran
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, NY 10281

DENISE COTE, District Judge:

    On March 6, 2023, Laura Perryman was charged in a two-count indictment for health care fraud and for conspiring to commit

health care fraud and wire fraud, in violation of 18 U.S.C §§ 1347, 2, and 1349.  Trial is set to begin on February 12, 2024.

On September 15, Perryman filed a motion to dismiss the indictment for lack of specificity and for being unconstitutionally vague.  In the alternative, the defendant seeks a bill of particulars.  For the following reasons, the motion is denied.

As described in the Indictment, Perryman was the CEO of Stimwave Technolgies Incorporated and Stimwave LLC (together, the "Company").  It asserts that from at least from 2017 to 2020, she engaged in a scheme to design and market an inert, non-functioning component of a medical device known as the StimQ PNS System (the "Device").  According to the indictment, the component at issue, known as the White Stylet, served no medical purpose, but was marketed to be implanted into patients to make the product more profitable for billing doctors and medical providers, and thereby support the Company's price for the Device.  In turn, those providers would unwittingly submit fraudulent claims for reimbursement to Medicare or medical insurers for the implantation.

Perryman argues that the indictment is defective because it fails to identify any specific claim for reimbursement that was fraudulent or any single wire transaction that furthered the conspiracy.  She argues that the voluminous discovery provided

by the Government is useless and does not help her to identify the charged conduct or to prepare a defense.

I. Lack of Specificity

The law regarding the adequacy of an indictment is well established. Rule 7(c), Fed. R. Crim. P., requires an indictment to be a plain, concise, and definite written statement of the essential facts constituting the offense charged. "When the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, [the Court of Appeals] has repeatedly refused, in the absence of any showing of prejudice, to dismiss charges for lack of specificity." U.S. v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013) (citing U.S. v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999)). It has long been true that "the government need not particularize all of its evidence" in an indictment. U.S. v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991).

The indictment identifies with sufficient particularity the nature of the charge against Perryman. It includes the elements of the offenses and sufficient factual information to enable her to prepare for trial and to interpose a plea of double jeopardy should she be indicted again for the charged conduct.

II. Void for Vagueness

Perryman's argument that the indictment must be dismissed as void for vagueness is no more successful. She contends that

the statutory elements of charges in the indictment, as applied to her, are not conveyed by terms with clear definitions and settled meanings.

The void for vagueness doctrine generally requires that a penal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." U.S. v. Napout, 963 F.3d 163, 181 (2d Cir. 2020) (citation omitted). This doctrine does not require "meticulous specificity." U.S. v. Farhane, 634 F.3d 127, 139 (2d Cir. 2011) (citation omitted). "[I]t requires only that the statutory language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Id. (citation omitted).

"[V]agueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis." U.S. v. Coppola, 671 F.3d 220, 235 (2d Cir. 2012) (citation omitted). "In an as-applied challenge, one whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness." U.S. v. Nadirashvili, 655 F.3d 114, 122 (2d Cir. 2011) (citation omitted).

The indictment, and its statutory components, more than meet the requirements of due process. They provide Perryman

4

with fair notice of the conduct which the indictment asserts violated the cited statutes.  The scheme to defraud on which the two counts are based is clearly stated.  It charges Perryman with designing a non-functional component of the Device, with misrepresenting that the White Stylus was functional when it was not, with allowing and encouraging providers to implant this non-functional component of the Device into their patients' bodies, and with encouraging providers to bill insurers for doing so.  If proven at trial, this conduct falls within the heartland of the healthcare fraud statute and, when advanced through wire communications, within the heartland of the wire fraud statute.  There is no ground to dismiss the indictment as unconstitutionally vague.

Perryman argues that the indictment's charges are vague because the Government will have to rely at trial on an interpretation of Current Procedural Terminology ("CPT") codes, which can be ambiguous.  The White Stylus is either functional or not.  If the Government shows at trial that it is not functional, there is no CPT code that would permit reimbursement for implanting it.  The defendant does not contend otherwise.

The defendant relies on Siddiqi v. U.S., 98 F.3d 1427 (2d Cir. 1996).  In Siddiqi, the court examined the defendant doctor's use of a CPT code to determine whether an inference of "dishonest intent" could be "drawn from use of the code."  Id.

5

at 1439.  Here, the Government's allegations of Perryman's dishonest intent do not depend on her interpretations of ambiguous CPT codes.  The Government's allegations instead rely on the functionality of the White Stylet and Perryman's representations to doctors about its functionality.  While CPT codes are used to obtain insurance reimbursement, the defendant has not shown that there is any ambiguity about the meaning of a particular code that is pertinent to the indictment's charges or to her defense to its charges.

   III. Bill of Particulars

   Perryman seeks a bill of particulars in which the Government would identify each false claim that Perryman caused providers to submit to insurers, the total amount billed for those claims, the specific misrepresentations made by Perryman regarding the Device or the White Stylet, the wire communications made in furtherance of the conspiracy, and her coconspirators.  This application is denied.

   Rule 7(f), Fed. R. Crim. P., permits a defendant to move for a bill of particulars.  Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he

be prosecuted a second time for the same offense." U.S. v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

But a bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." U.S. v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (citation omitted). "[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." Id. (citation omitted). "Acquisition of evidentiary detail is not the function of the bill of particulars." U.S. v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (citation omitted). Since the Government's evidence at trial may be limited by a bill of particulars, care must be taken to require it only when necessary. U.S. v. Rosa, 507 F.3d 142, 154 (2d Cir. 2007).

Perryman has not shown that she needs a bill of particulars. The indictment's charges and the theory of the prosecution are easily understood. The Government has made substantial discovery, including production of the § 3500 material months before trial. The defendant has abundant evidence and time to prepare for trial.

The defendant's arguments for a bill of particulars largely miss the point. The Government has no burden to identify a specific fraudulent insurance claim. The defendant is charged

7

with engaging in a scheme to defraud; she is not charged with submitting any particular claim to an insurer with intent to defraud that insurer.

Dated:   New York, New York
         October 11, 2023

                                            DENISE COTE
                                 United States District Judge