```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
              -v-                        :    23cv117 (DLC)
                                         :
LAURA PERRYMAN,                          :    OPINION AND ORDER
                                         :
                  Defendant.             :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the United States of America:
Jacob Max Bergman
Monica Pilar Folch
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

Steven John Kochevar
U.S. Attorney's Office, SDNY
300 Quarropas Street
White Plains, NY 10601

For the defendant Laura Perryman:
Derek A. Cohen
Jenifer Camilla Berger
Walden Macht & Haran
250 Vesey Street, 27th Floor
New York, NY 10281

Daniel Post Filor
Greenberg Traurig
One Vanderbilt Avenue
New York, NY 10017

Jared Edward Dwyer
Greenberg Traurig, P.A
333 SE 2nd Avenue, Ste 4400
Miami, FL 33131

DENISE COTE, District Judge:

The defendant has been charged in a three-count indictment with conspiracy, health care fraud and securities fraud based on the defendant's alleged material misrepresentations about components of a medical device. The Government and the defendant each filed motions in limine on January 12. Trial is scheduled to commence on February 20.

To assist in the resolution of the issues to be addressed at the final pretrial conference of February 2, this Opinion sets out some of the well-established legal principles that will be incorporated into the rulings at the conference. They are the evidentiary standards under Rules 401, 403, 404, 702, and 704(b) of the Federal Rules of Evidence.

## Rule 401

Evidence is relevant if it has any tendency to make a fact of consequence in determining the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less prove it beyond a reasonable doubt." United States v. Litvak, 808 F.3d 160, 179-80 (2d Cir. 2015) (citation omitted). The Rule 401 standard is "low" and "easily satisfied." United States v. Gramins, 939 F.3d 429, 450 (2d

Cir. 2019). "Unless an exception applies, all relevant evidence is admissible." Id. (citation omitted).

### Rule 403

Under Rule 403, courts may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  The term unfair prejudice refers "to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." United States v. Massino, 546 F.3d 123, 132-33 (2d Cir. 2008) (citation omitted).  The question of whether evidence is unduly prejudicial to a criminal defendant

> is not whether the evidence [is] suggestive of guilt -- as all relevant evidence offered against the defendant would suggest guilt -- but rather, whether it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.  This adverse effect may consist of a tendency of the evidence in question to prove some adverse fact not properly in issue or unfairly excite emotions against the defendant.

Id. (citation omitted).

3

## Rule 702

Federal Rule of Evidence 702 governs the admission of expert testimony. Rule 702 allows a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify, "in the form of an opinion or otherwise," if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under this rule, the trial judge must first address "the threshold question of whether a witness is qualified as an expert by knowledge, skill, experience, training, or education to render his or her opinions." Nimely v. City of New York, 414 F.3d 381, 396 n.11 (2d Cir. 2005) (citation omitted).

If the trial judge finds the witness is qualified, she then has a "gatekeeper function," which requires her to ensure that any and all scientific testimony or evidence admitted "is not only relevant, but reliable." Restivo v. Hessemann, 846 F.3d

547, 575 (2d Cir. 2017) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).  Expert testimony is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002) (citation omitted).  To determine whether expert testimony has a sufficiently reliable foundation to be admissible at trial, a district court should consider the "indicia of reliability identified in [Rule] 702."  Clerveaux v. E. Ramapo Central School Dist., 984 F.3d 213, 233 (2d Cir. 2021) (citation omitted).  A district court may consider as well the Daubert factors in its assessment of the reliability of expert testimony.  These factors include: "(1) whether the methodology or theory has been or can be tested; (2) whether the methodology or theory has been subjected to peer review and publication; (3) the methodology's error rate; and (4) whether the methodology or technique has gained general acceptance in the relevant scientific community."  Id. (citing Daubert, 509 U.S. at 593-94).

The Daubert inquiry, however, is "fluid and will necessarily vary from case to case."  In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II), 982 F.3d

113, 123 (2d Cir. 2020) (citation omitted).  The gatekeeping inquiry must, of course, "be tied to the facts of a particular case."  United States v. Requena, 980 F.3d 30, 47 (2d Cir. 2020) (citation omitted).

"[T]here are many different kinds of experts, and many different kinds of expertise."  United States v. Romano, 794 F.3d 317, 330 (2d Cir. 2015) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999)).  A court must "assess whether the expert employs the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  Restivo, 846 F.3d at 577 (citation omitted).  Expert testimony should be excluded "if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison."  Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 214 (2d Cir. 2009) (citation omitted).  Contentions that an expert's "assumptions are unfounded," however, "go to the weight, not the admissibility, of the testimony."  Id. (citation omitted).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 509 U.S. at 596.

To be admissible, an expert's analysis must be reliable "at every step." Amorgianos, 303 F.3d at 267. "[A]ny step that renders the analysis unreliable under the Daubert factors renders the expert's testimony inadmissible." Id. (emphasis omitted). Moreover, "nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).

"The role of an expert is not to displace the jury but rather to provide the groundwork to enable the jury to make its own informed determination." In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig., 725 F.3d 65, 114 (2d Cir. 2013) (citation omitted). Expert testimony assists the trier of fact "when it sheds light on activities not within the common knowledge of the average juror." United States v. Wexler, 522 F.3d 194, 204 (2d Cir. 2008) (citation omitted).

Finally, expert testimony is inadmissible where it will "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." United States v. Stewart, 433 F.3d 273, 311 (2d Cir. 2006) (citation omitted). An opinion "that purports to explain the law to the jury

trespasses on the trial judge's exclusive territory." Id. Courts therefore must exclude "testimony that states a legal conclusion." United States v. Feliciano, 223 F.3d 102, 121 (2d Cir. 2000) (citation omitted).

### Rule 704(b)

Under Federal Rule of Evidence 704(b), an expert witness in a criminal case "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). "Those matters are for the trier of fact alone." Id. Rule 704(b) "disables even an expert from expressly stating the final conclusion or inference as to a defendant's actual mental state at the time of a crime." United States v. Haynes, 729 F.3d 178, 196 (2d Cir. 2013) (citation omitted). "Such testimony is prohibited because it poses a uniquely heightened danger of intruding on the jury's function." Id. (citation omitted).

### Rule 404(b)

Under Rule 404, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404 permits the use of evidence of a "crime, wrong, or other act" for

"another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Other act evidence offered to show knowledge or intent must be "sufficiently similar to the conduct at issue to permit . . . a reasonable inference of knowledge or intent from the other act." United States v. Zhong, 26 F.4th 536, 551 (2d Cir. 2022) (citation omitted). "[P]ursuant to this Circuit's 'inclusionary approach' to such evidence, other-crimes evidence is admissible if offered for any purpose other than to show a defendant's criminal propensity." United States v. Williams, 930 F.3d 44, 62 (2d Cir. 2019) (citation and emphasis omitted).

To determine if prior act evidence pursuant to Rule 404(b) is properly admitted, courts consider whether: "(1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction." United States v. Dupree, 870 F.3d 62, 76 (2d Cir. 2017) (citation omitted).

> Evidence of uncharged criminal conduct is not evidence of other crimes, wrongs, or acts under Rule 404(b) if that conduct arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged

9

offense, or if it is necessary to complete the story of the crime on trial.

United States v. Robinson, 702 F.3d 22, 37 (2d Cir. 2012) (citation omitted). A district court may admit "evidence of uncharged criminal conduct to complete the story of the crime on trial or to demonstrate some fact in issue other than a defendant's criminal propensity" only if it "satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." United States v. Zhong, 26 F.4th at 551 (citation omitted).

Dated:   New York, New York
         February 1, 2024

                                    _____
                                    DENISE COTE
                                    United States District Judge