```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
 UNITED STATES OF AMERICA           :
                                    :
                 -v-                :    23cr117 (DLC)
                                    :
 LAURA PERRYMAN,                    :    OPINION AND ORDER
                         Defendant. :
                                    :
----------------------------------- X
```

APPEARANCES:

For the United States of America:
Jacob Max Bergman
Monica Pilar Folch
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

Steven John Kochevar
U.S. Attorney's Office, SDNY
300 Quarropas Street
White Plains, NY 10601

For the defendant Laura Perryman:
Derek A. Cohen
Jenifer Camilla Berger
Johnson Li Lin
Sean T. Haran
Walden Macht & Haran
250 Vesey Street, 27th Floor
New York, NY 10281

DENISE COTE, District Judge:

The defendant has been charged in a three-count indictment with conspiracy, health care fraud, and securities fraud based on the defendant's alleged material misrepresentations about components of a medical device. Trial is set to commence in this case on February 20, 2024. On February 5, the defendant

1

sought to preclude the testimony of three Government witnesses pursuant to Fed. R. Evid. 702.[1]  On February 8, the Government filed its opposition to the defendant's motion.  For the following reasons, the defendant's motion is denied.  This Opinion addresses the application to preclude testimony from two of the three witnesses: Dr. Perry Alexion and Ms. Deborah Wolf.

## Background

Dr. Alexion works for the Centers for Medicare and Medicaid Services ("CMS").  He will testify about the CPT codes used in connection with the billing of physician services to Medicare, as well as the meaning of specific, relevant CPT codes.  Dr. Alexion will not, however, be offering testimony about the application of CPT codes to the procedures involving the specific medical device ("Device") at issue here.  The Government explains that this testimony is relevant lay testimony and will help the jury understand how medical providers are paid for implanting neurostimulation devices.

Ms. Wolf works for the Food and Drug Administration.  She will testify about the operations and organization of the FDA.  She will also testify how the FDA monitors medical device labeling, how it investigates mislabeling or misbranded medical

---

[1] Motions in <u>limine</u> were due on January 12, and the defendant made several at that time.  His February 5 application to preclude testimony is untimely but is considered here.

devices, and the steps it takes following a determination of mislabeling. The Government contends that this testimony is relevant to the issue of misbranding, which the Court has already ruled is relevant to the crimes charged in the Indictment.

## Discussion

The defendant argues that Rule 702, which governs expert testimony, precludes the admission of testimony by either witness. He contends that their testimony is quasi-expert testimony, that they are not competent to testify as to these subjects, and that their testimony is based on speculation.

The Federal Rules of Evidence relevant to the defendant's motion are Rules 403, 701, and 702. An Opinion and Order of February 1 has already described the governing law regarding Rules 403 and 702, and that statement of the law is incorporated here. Opinion and Order, United States v. Perryman, No. 23cr117 (S.D.N.Y. Feb 1., 2024), ECF No. 64. The proffered testimony from Dr. Alexion and Ms. Wolf is admissible as fact testimony and lay opinion testimony. It does not constitute expert testimony.

"The Federal Rules of Evidence allow the admission of fact testimony so long as the witness has personal knowledge, while opinion testimony can be presented by either a lay or expert witness." United States v. Afriyie, 929 F.3d 63, 69 (2d Cir.

2019) (citation omitted); Fed. R. Evid. 602, 701, 702.  "The distinction between statements of fact and opinion is, at best, one of degree." Afriyie, 929 F.3d at 69 (citation omitted). The Federal Rules of Evidence do not "distinguish between expert and lay witnesses, but rather between expert and lay testimony." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

Under Rule 701,

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701; Afriyie, 929 F.3d at 69.  "The 'specialized knowledge' restriction in Part (c) prevents a party from conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in Fed. R. Crim. P. 16." United States v. Cabrera, 13 F.4th 140, 149 (2d Cir. 2021) (citation omitted).  Thus, if an opinion "rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." Id. (citation omitted).

On the other hand, the fact that a witness has specialized knowledge, or that he carried out an investigation because of that knowledge, does not preclude him from testifying pursuant

4

to Rule 701, "as long as [the testimony] was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise." United States v. Rigas, 490 F.3d 208, 224 (2d Cir. 2007) (citation omitted).  This is because, to the extent the testimony is grounded in an investigation the witness undertook as an employee, it is admissible pursuant to Rule 701 since it is "based on his perceptions."  Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 181 (2d Cir. 2004).  Thus, "[a]n employee's testimony grounded in an investigation he undertook in his role as an employee is admissible under Rule 701; to the extent the employee's testimony reflects specialized knowledge resulting from extensive experience, however, it is not." Afriyie, 929 F.3d at 69 (citation omitted); see also Bank of China, 359 F.3d at 182.

Based on the descriptions of the proposed testimony, each witness will be testifying about issues with which they are familiar because of the positions they hold in their agencies. This is quintessential factual testimony, and to the extent it includes opinions, those will be admissible pursuant to Rule 701 as lay opinions.  The two witnesses will not be offering expert opinions about the defendant's Device or conduct.  They will be providing the jury with information that will provide context to better understand the terms, procedures, and codes relevant to

5

other witness testimony and documents that will be received into evidence. The fact that both witnesses have expertise and special knowledge does not convert their otherwise admissible testimony into expert testimony. Nor has the defendant shown that their testimony should be excluded because they are not competent to testify as to these subjects and their testimony is based on speculation. To the extent their testimony is subject to challenge on those grounds, those issues can be explored in cross examination of the witnesses.

The defendant argues that Dr. Alexion has no experience with implanting peripheral nerve stimulation devices and did not join CMS until 2020. She contends, therefore, that Dr. Alexion is not qualified to discuss how doctors used particular CPT codes during the period at issue here, 2017 to 2019. Working from the Government-provided 3500 material, the defendant contends that Dr. Alexion is not familiar with topics that are necessary for him to give his testimony competently. Finally, she suggests that the testimony should be barred by Rule 403 as confusing to the jury since CPT code 64590, which is of particular importance to billing for implantation of the Device or one of its components, is open to multiple interpretations.

These objections do not line up with the description of the proffered testimony. In any event, the defendant has failed to show that Dr. Alexion is testifying as an expert and should be

subject to the scrutiny provided by Rule 702. Cross examination will allow defense counsel to explore any limitations in Dr. Alexion's testimony.

Finally, the defendant argues that, the Court having excluded testimony by defense expert Mr. Desjardin about the ambiguity of FDA regulations, the testimony of Ms. Wolf should be excluded as irrelevant. She reasons that the jury will gather from Ms. Wolf's testimony that the defendant hid the existence of a component of the Device -- the White Stylet -- from the FDA because she feared it would institute an enforcement action against her.

Mr. Desjardin's testimony was expert testimony and excluded for the reasons explained on the record on February 2. Those reasons included that his testimony would invade the duty of the Court to provide the jury with a description of the relevant law, including any relevant FDA regulations. To the extent he intended to offer his personal opinion about the ambiguity of the regulations, that testimony violated not just Rule 702, but also Rule 704(b) and Rule 403. It would have improperly suggested to the jury what motivated the defendant when she hid the existence of the White Stylet from the FDA. The unfair prejudice and confusion that would ensue from such testimony would far outweigh any minimal probative value from hearing his personal opinion about the clarity of governing regulations.

The parties have been invited to supply a charge for the Court to give the jury on the relevant FDA regulations.

### Conclusion

The defendant's February 5 motion to preclude testimony from Dr. Alexion and Ms. Wolf is denied.

Dated:   New York, New York
         February 9, 2024

                                                  DENISE COTE
                                    United States District Judge