

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 18, 2024

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *United States v. Laura Perryman*, **23 Cr. 117 (DLC)**

Dear Judge Cote:

Based on recent pretrial developments, the Government respectfully writes to request that the Court preclude the defendant from introducing evidence or argument regarding certain isolated PNS Device billing and reimbursement practices of some doctors and hospitals, of which the defendant was not aware. For the reasons set forth below, such evidence is irrelevant, likely to confuse and mislead the jury, and unduly prejudicial. In addition, the Government requests that the Court order the defendant to provide requested disclosures by February 21, 2024.

Last week, the defendant indicated that she is seeking to introduce evidence that seven patients (out of thousands) were implanted with versions of the PNS Device without any receiver stylets, and that doctors and hospitals made claims for payment under CPT Code 64590 and, in some cases, received reimbursement from insurance for those procedures. The Government's understanding is that the defendant intends to argue that such evidence undermines the Government's theory that the defendant created the White Stylet because she believed it was necessary to have a separate receiver in order to bill CPT code 64590.

The evidence and related arguments should be excluded. The defense has claimed that the evidence would be offered to demonstrate the defendant's state of mind. But the defendant has not pointed to any evidence that she knew about the specific procedures proffered, let alone that she understood how they were billed or ultimately paid. Therefore, evidence relating to claims for payment for those procedures cannot be used to show what Perryman did or did not believe about reimbursability under CPT Code 64590. That evidence is irrelevant unless the defense can show, at a minimum, that Perryman was aware of these procedures and the associated reimbursement.[1] *See United States v. Garrity*, No. 15 Civ. 243 (MPS), 2018 WL 2465354, at *3 (D. Conn. June 1,

---

[1] The Government intends to introduce evidence of PNS Device implantations with the White Stylet, along with evidence of associated claims for payment and insurance reimbursements. This evidence will be introduced to show that the defendant's intended fraud was completed.

2018) (proffered evidence as to scienter ruled inadmissible "[b]ecause it bears no connection to [the defendant]" (citing authorities)).

In addition, evidence or argument that a handful of PNS Device implantation procedures were performed, billed, and reimbursed would be misleading and confusing. First, such evidence would invite the jury to assume – without evidence – that the defendant knew about those procedures and payments and that such knowledge played a role in her decision to create the White Stylet. Without evidence that the defendant did know about these procedures, bills, and reimbursements, there is substantial risk the jury will be misled. Further, the fact that some doctors or hospitals billed the 64590 code to insurance does not mean that they acted properly in doing so, even if some insurers chose to pay the claims. These examples may themselves be the product of error, fraud, or mere anomalies, and it will be confusing to explain these various possible issues to the jury. The heart of the matter before the jury will be the defendant's state of mind and the defendant's conduct, and this evidence sheds no light on those subjects. It is a distraction and should be precluded.

Yesterday, the Government sought to further clarify the defendant's basis for offering this evidence and argument. The defense declined to discuss the matter. The Government has also requested that the defense confirm that it has produced all Rule 17(c) subpoena responses upon which the defense intends to rely at trial, and from which the defense has apparently identified these isolated records. The defendant has yet to provide confirmation that it has done so. Nor has the defendant provided a list of witnesses and exhibits she intends to offer at trial, or any Rule 26.2 materials.

Thus, the Government respectfully requests that the Court impose a deadline of February 21, 2024 for the defendant to comply with Federal Rule of Criminal Procedure 16(b), specifically to: (1) produce all Rule 17(c) subpoena responses, (2) identify all exhibits the defendant intends to introduce at trial, whether through cross-examination of Government witnesses or its case-in-chief, and (3) provide a list of witnesses the defendant intends to call at trial and their related Rule 26.2 materials. *See, e.g., United States* v. *Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017) (noting that the term "case-in-chief" in Rule 16(b) applies not only to exhibits offered in any defense case, but also to "all non-impeachment exhibits [the defendants] intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by the defendant" and that "this interpretation of Rule 16 has been adopted by almost every district court to consider the issue" (collecting cases)). Courts routinely order the disclosure of a defense exhibit list well in advance of trial to avoid time-consuming evidentiary disputes mid-trial. *See, e.g.*, *United States* v. *Brennerman*, 17 Cr. 337 (RJS), Dkt. No. 24 (directing disclosure of defendant's exhibit list and witness list more than two weeks in advance of trial); *United States* v. *Percoco*, 16 Cr. 776 (VEC), Dkt. No. 396 (directing that defendants "must produce to the Government an exhibit list and copies of the exhibits that they intend to use in their case-in-chief" approximately two weeks in advance of trial); *see also United States* v. *Tuzman*, No. 15 Cr. 536 (PGG) (S.D.N.Y. Dec. 12, 2017) (Minute Entry) (reflecting mid-trial evidentiary hearing regarding authenticity and admissibility of late-produced defense exhibit).

Production of defense exhibits is not only required under Rule 16(b) and the case law; it will also conserve the Court and the jury's time during trial by permitting the parties to discuss

stipulations as to those exhibits and the Government to raise any objections to them in a timely manner.  If this process is further delayed, significant time and resources will be wasted.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
Mónica P. Folch
Jacob M. Bergman
Steven J. Kochevar
Assistant United States Attorneys
(212) 637- 6559/2776/6559
Assistant United States Attorneys