

250 Vesey Street          wmhlaw.com
27th Floor                T: 212-335-2030
New York, NY 10281        F: 212-335-2040

February 19, 2024

**BY ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl St # 1040
New York, NY 10007

  **Re:**  *United States v. Laura Perryman*, No. 23-CR-0117-DLC

Dear Judge Cote:

  We write in response to the Government's February 18, 2024 letter.  ECF No. 92.

  The Government seeks to exclude "evidence and related arguments" that patients "were implanted with versions of the PNS Device without any receiver stylets, and that doctors and hospitals made claims for payment under CPT Code 64590 and, in some cases, received reimbursement from insurance for those procedures." *Id.* at 1.  The Court should reject this request. As a preliminary matter, the Government's claim that it had only been notified of this evidence "last week" is not true. On January 23, 2024, a month before trial, the defense made its initial production to the Government of documents that it received in response to its Rule 17(c) subpoenas, including the documents that it seeks to introduce here.  On February 6, 2024, the defense made a supplemental production of additional materials that were subsequently received. Since then, the parties have engaged in multiple detailed discussions regarding stipulations relating to the admission of these, and other documents into evidence.

  The Government argues that evidence that doctors and hospitals made claims for implanting the PNS Device under CPT Code 64590, prior to there being any Pink or White Stylets in the kits, is irrelevant, misleading, or confusing unless the defense can show that Ms. Perryman was aware of the particular procedures and associated reimbursement.  *Id.* at 1-2.  That cannot be the standard for relevance.  The Government has alleged that Ms. Perryman actively oversaw all aspects of Stimwave's operations, including the applicable reimbursement codes for the implantation of its products.  *See, e.g.,* ECF No. 37 at 9 (alleging that Ms. Perryman "oversaw all aspects of Stimwave's operations, including … reimbursement codes associated with implantation of Stimwave products by doctors.").

  The Government alleges that the White Stylet was created in response to billing issues with the Device and that a second "receiver" was necessary to bill under CPT Code 64590.  This evidence undercuts both faulty assertions.  The fact that successful claims were being processed at the time for the Device before either Stylet was introduced is highly exculpatory and should be

admitted. Indeed, this was precisely what the defense expected to find when we sought and obtained leave of Court to issue the 17(c) subpoenas in the first instance.  The Court should deny the Government's request.

In this respect, we note the Government intends to introduce, and the Court has ruled that it will allow, evidence regarding the FDA's criminal medical device "misbranding" enforcement regime notwithstanding that there is zero evidence that this was Ms. Perryman's state of mind or that she was aware of or concerned about an FDA misbranding action. The Government cannot have it both ways and suggest that Ms. Perryman was only knowledgeable about facts that are consistent with their theories.

The Government requested that the defense "produce all Rule 17(c) subpoena responses" by February 21, 2024.  ECF No. 92 at 2.  The defense has already done so.  Accordingly, this request is moot.

The Government requested that the defense "identify all exhibits the defendant intends to introduce at trial, whether through cross-examination of Government witnesses or its case-in-chief" by February 21, 2024.  The defense agrees to provide the Government with its list of non-impeachment exhibits by February 21, 2024 and will provide timely disclosures to the Government of any additional non-impeachment exhibits that it intends to introduce as the trial proceeds. Accordingly, this request is moot.

Finally, the Government requested that the defense "provide a list of witnesses the defendant intends to call at trial and their related Rule 26.2 materials" by February 21, 2024.  ECF No. 92 at 2.  The defense does not yet know—and likely will not know until the Government's case-in-chief is over—which, if any, witnesses it will call.  The Government has indicated that its direct case is estimated to last two weeks.  Obviously, the defense has no burden.  The parties have agreed to provide each other with notice of upcoming witnesses no later than the day before the witness will be called.  The defense should not be forced to prematurely identify its potential case—when it may not even present one—prior to the end of the Government's case.  The defense is prepared to provide its witness list once it is known and will provide discovery, if any, at that time.

Respectfully submitted,

*s/ Derek A. Cohen*

Derek A. Cohen
Sean T. Haran
Johnson Lin
Jennifer Berger (admitted pro hac)
*Attorneys for Laura Perryman*

CC: Counsel for the Government