

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 27, 2024

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Laura Perryman*, **23 Cr. 117 (DLC)**

Dear Judge Cote,

We write respectfully to request that the Court preclude the testimony proposed by defendant in her February 21, 2024 letter (the "Demand" attached hereto as Exhibit A), demanding that the Government make available for testimony in defendant's case-in-chief Brian Furlong, an attorney with the Food and Drug Administration (the "FDA"). Mr. Furlong is not a percipient witness and has no personal knowledge of the defendant's criminal conduct. Instead, Mr. Furlong, who works in the FDA's Office of the Chief Counsel, has been the Government's primary point-of-contact at the Food and Drug Administration for this case. His connection to this matter consists, by and large, of responding to the Government's requests for assistance in locating particular witnesses and documents. As explained in greater detail below, Mr. Furlong should be precluded from testifying, as his testimony would consist of nothing more than inadmissible hearsay and is irrelevant. Additionally, to the extent the defendant seeks Mr. Furlong's testimony to explain the FDA's 510(k) and misbranding regulatory schemes, such testimony was already precluded by the Court. *See* Conf. Tr., 45:17-45:22, February 2, 2024.

The defendant seeks Mr. Furlong's testimony concerning statements he made to the Government, which defendant paraphrases as: "FDA would be unable to opine that Stimwave was required to seek a new 510(k) clearance for the addition of the White Stylet" and that "misbranding would be a more productive avenue." The Demand, at *2. Mr. Furlong is an Associate Chief Counsel for Enforcement, in the FDA's Office of Chief Counsel and is not a percipient witness. He did not directly work on or review Stimwave's 510(k) applications, nor was he tasked with inspecting Stimwave's labels in connection with a misbranding enforcement action. As stated above, his lone connection to this case is that he is the Government's primary point-of-contact in the FDA's Office of Chief Counsel. As such, the testimony sought by defendant constitutes inadmissible hearsay and should be precluded.

Moreover, defendant's request for testimony from Mr. Furlong about the FDA's analysis of the facts of this case in relation to applicable laws and regulations is irrelevant. *See* Fed. R. Evid. 401. The personal opinions of a single FDA attorney—unknown to the defendant at the time of her illegal conduct—has no bearing on the whether the defendant defrauded investors and insurers. Additionally, Mr. Furlong has not had any direct interactions with the defendant and lacks any personal knowledge of the factual events properly at issue at this trial. The sort of testimony sought by the defendant—communications between various components of the U.S. Government about whether and to what extent Perryman's conduct constituted a violation of applicable laws and regulations—is not only irrelevant, but any prior statements, discussing the application of the facts of this case to the law would constitute out-of-court statements offered for the truth of the matters asserted not subject to any hearsay exception. *See* Fed. R. Evid. 801, 803-804; *see also United States v. Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (excluding statement of AUSA on hearsay grounds and noting that, for such statements to be admitted, they must be "the equivalent of testimonial statements"); *United States v. Carton*, No. 17 Cr. 680 (CM), 2018 WL 6040652, at *4 (S.D.N.Y. Oct. 26, 2018) (refusing to find out-of-court statements of AUSA, FBI agent, and Victim Witness Unit admissible under Rule 801(d)(2)); *United States v. Skelos*, No. 15Cr. 317 (KMW), 2018 WL 2254538, at *5 (S.D.N.Y. May 17, 2018) ("[O]ut-of-court statements by Government agents are generally not admissible as party admissions under Federal Rule of Evidence 801(d)(2)."), *aff'd*, 988 F.3d 645 (2d Cir. 2021).

Lastly, the defendant's request for testimony concerning the FDA's 510(k) and misbranding regulatory and statutory schemes is precisely the sort of testimony the Court has already precluded in this case. In granting the Government's motion to preclude the testimony of Mr. Desjardins, the defendant's proposed FDA expert who purported to opine on whether Stimwave needed to seek an additional 510(k) clearance for the White Stylet, the Court held that, "[i]t is not clear to me that the 510(k) submission issue is all that relevant to the government's case or to defense, but if the regulatory scheme associated with 510(k) is relevant for the jury to hear, I will be the one to charge the jury as to what the law is and what the law requires." *See* Conf. Tr., 45:17-45:22. The Court then requested that the parties submit proposed jury instructions concerning the regulatory requirements for both the 510(k) and misbranding issues while noting that "should it be clear that the jury should have those instructions, they will come from the [the Court]. *Id.* at 46:1-46:14. The defendant now seeks to have Mr. Furlong usurp that role and explain to the jury the 510(k) and misbranding regulations and how they apply to the facts of this case. But, the Court's reasoning is just as sound now as it was three weeks ago when it precluded the testimony of Mr. Desjardins. Accordingly, Mr. Furlong should be precluded from testifying about the topics outlined in the defendant's Demand.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


by: */s/ Jacob M. Bergman*
　　Jacob M. Bergman
　　Mónica P. Folch
　　Steven J. Kochevar
　　Assistant United States Attorneys
　　(212) 637- 2776/6559/2262
　　Assistant United States Attorneys