```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA                :
                                        :       23cr117(DLC)
                -v-                     :
                                        :          ORDER
LAURA PERRYMAN,                         :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

As stated on the record during trial on March 1, 2024, the Court is providing updated language from the jury charge, attached to this order, for review by counsel. Accordingly, it is hereby

ORDERED that any further submissions regarding the jury charge shall be filed by 10:00 A.M. on March 2, 2024.

Dated:  New York, New York
        March 1, 2024

                                    _____
                                           DENISE COTE
                                    United States District Judge

### Good Faith Defense

As I have instructed you with respect to the crime charged in Count Three -- the crime of securities fraud -- it is the Government's burden to prove that the defendant acted with the intent to defraud. With respect to the crime charged in Count Two, I have instructed you that there are two ways in which a defendant may commit healthcare fraud and one of those ways requires the Government to prove that the defendant acted with the intent to defraud.

You should consider any evidence that a defendant acted in good faith in making your determination of whether the defendant acted with intent to defraud. Good faith on the part of a person is a complete defense to a crime that has as an element an intent to defraud. A person acts in good faith if she holds an honest belief that her acts were proper and not in furtherance of any unlawful scheme. However misleading or deceptive a plan may be, it is not fraudulent if it was devised and carried out in good faith. A person who acts on a belief or reason honestly held that turns out to be wrong also lacks an intent to defraud.

As I have instructed you, the second way in which a defendant may commit the crime of healthcare fraud charged in Count Two requires that a defendant knowingly and willfully execute or attempt to execute a scheme to obtain money from a

healthcare benefit program by means of false or fraudulent representations. False representations or statements or omissions do not amount to a fraud unless done with fraudulent intent. A person's honest belief in the truth of the representations is a complete defense. This is true no matter how inaccurate the statements may turn out to be. On the other hand, fraudulent intent may be proven by showing that the person made misrepresentations with knowledge that the statements were false. The defense of good faith is not available to a defendant who deliberately makes a representation that she knows to be false. To qualify as "good faith," a defendant must hold an honest belief that her false statements were, in fact, true.

In considering whether or not the defendant acted in good faith, you are instructed that a belief by a defendant, if you find that such a belief existed, that ultimately everything would work out so that no one would be harmed, does not constitute good faith. No amount of honest belief on the part of a defendant that a scheme ultimately will work out for the benefit of all involved will excuse fraudulent actions or false representations.

The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. A defendant has no burden to establish a defense of good faith.

It is not necessary for the Government to prove that the

defendant was aware of a particular statute. Similarly, the Government does not need to prove that the defendant had a specific intent to commit a violation of that statute.

## Preparation of Witnesses

You have heard evidence that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court to testify. There is nothing either unusual or improper about a witness meeting with lawyers before testifying. The weight you give to the fact or the nature of a witness's preparation for his or her testimony is a matter completely within your discretion.