```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
                                 :
UNITED STATES OF AMERICA         :
                                 :
            -v-                  :    23cr117 (DLC)
                                 :
LAURA PERRYMAN,                  :    ORDER
                                 :
                     Defendant.  :
                                 :
-------------------------------- X
```

DENISE COTE, District Judge:

On March 6, 2024, following a jury trial, defendant Laura Perryman was found guilty of one count of conspiracy to commit healthcare fraud and wire fraud and one count of healthcare fraud, in violation of Title 18, United States Code, Sections 1347 and 1349. On June 17, Perryman was sentenced principally to a term of 72 months' imprisonment and ordered to surrender by July 26, 2024. The defendant intends to appeal her conviction.

At the end of the sentencing proceeding, the defendant requested that she be permitted to remain on bail until the Court of Appeals decides her appeal. A schedule was set for submissions addressed to that application, with the defendant's submission due June 19.

On June 19, the defendant filed a motion seeking bail pending appeal pursuant to 18 U.S.C. § 3143. 18 U.S.C. § 3143(b) provides that a court

<u>shall order</u> that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, <u>be detained unless</u> the judicial officer finds --

(A) by <u>clear and convincing evidence</u> that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ; and

(B) <u>that the appeal</u> is not for the purpose of delay and <u>raises a substantial question of law or fact likely to result in</u> -

    (i) reversal,

    (ii) <u>an order for a new trial</u>,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

(Emphases added.) See also <u>United States v. Randell</u>, 761 F.2d 122, 125 (2d Cir. 1985) ("the burden of persuasion rests on the defendant").

In her June 19 submission, the defendant argues that she is not a flight risk, that her continued release will not endanger the public, and that it is likely that she will raise several issues that could reasonably provide grounds for a new trial. The defendant did not make a motion for a new trial and the June 19 submission does not provide a basis to find that she has met her burden to show that there are substantial questions of law

or fact that are likely to result in an order on appeal that she be granted a new trial.

The June 19 letter lists six bullet points in a single paragraph as the issues that she intends to raise on appeal. The issues are stated generally and do not identify the specific alleged errors at trial. Nor does the letter explain why any one or more of the alleged errors constutues a substantial question of law or fact that is likely to result in an order for a new trial. Accordingly, it is hereby

ORDERED that the defendant's request for bail pending appeal is denied.

IT IS FURTHER ORDERED that the requirement that the Government respond to this bail request by June 21 is vacated and that the conference scheduled for June 24 is cancelled.

Dated:   New York, New York
         June 20, 2024

                                          _____
                                              DENISE COTE
                                          United States District Judge